525 F.2d 686
 Stanley ROTHSCHILD, Petitioner-Appellant,
v.
STATE OF NEW YORK, COMMISSIONER OF CORRECTIONAL SERVICES,
and Honorable George Roberts, acting Justice of
the Supreme Court of the State of New
York, New York County,
Respondents-Appellees.
 No. 1033, Docket 75--2042.
 United States Court of Appeals,
Second Circuit.
 Argued June 23, 1975.
Decided Sept. 25, 1975.
 
 Victor J. Herwitz, New York City, for petitioner-appellant.
 Robert M. Morgenthau, Dist. Atty., New York County (Peter L. Zimroth and Karl Savryn, Asst. Dist. Attys., New York City, of counsel), for respondents-appellees.
 Before CLARK, Associate Justice,* and MANSFIELD and MULLIGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellant, Stanley Rothschild, a former New York City police officer, brought this habeas corpus application under 28 U.S.C. § 2241 et seq. in the United States District Court for the Southern District of New York. He seeks reversal of his conviction by a jury in the Supreme Court of New York, New York County, of grand larceny in the first degree and attempted grand larceny in the first degree, both by extortion.
 
 
 2
 The facts, summarized by the New York State Court of Appeals and adopted by the United States District Court are as follows:
 
 
 3
 On October 21, 1969, defendant and other Narcotics Division officers, armed with a search warrant, entered the apartment of Geraldine Williams, the common-law wife of William Mathis, Jr. They threatened to send her to jail on a trumped up charge and to deprive her of her children unless she called her 'father-in-law', William Mathis, Sr. (Mathis), to make arrangements to have him come to the apartment immediately. Frightened, she complied, and upon Mathis' arrival, defendant demanded $6,000 from him, threatening to send Miss Williams to jail if he did not comply. Mathis left and, after a short while, returned and paid the money, whereupon defendant and his companions departed.
 
 
 4
 Thereafter, and on December 6, the defendant again sought out Mathis, this time on the pretext that he wanted to locate Mathis' son . . . whom he wanted to interrogate regarding a narcotics investigation. The defendant then advised Mathis that he could '(smooth) things over' for $12,000 and, of course, he would then not need to locate the son. Mathis protested that he had no money but agreed to meet with the defendant at a later date. Mathis then went to police headquarters where he related all these events to the officers in command. Following their instructions, he met with the defendant and agreed to pay the money in installments, the first to be made on December 11. On that date, the police gave Mathis $280 in marked bills, wired his establishment with recording devices and several officers secreted themselves on the premises. Upon defendant's arrival, Mathis engaged him in conversation culminating in defendant agreeing to accept the money in installments. When Mathis handed the defendant the marked money, the officers entered the room, revealed their identity and arrested him.
 
 
 5
 At his trial, Rothschild testified on his own behalf that rather than extorting money from the victim, William Mathis, Sr., he was trying to trap him on a charge of bribery. On cross-examination, the prosecutor inquired as to whether Rothschild had ever offered this explanation for his conduct at the time of his arrest or at any other time to his superior officers. Over objection of his defense counsel, Rothschild was required to answer. He answered, 'No.' In his subsequent state appeal and in this application for habeas corpus, Rothschild claimed that the actions of the trial judge violated his constitutional right to remain silent. The Federal District Court found that such an inquiry was constitutional error. The court denied the issuance of the writ, however, because proof of Rothschild's guilt was overwhelming and thus the inquiry as to his silence on arrest was 'harmless beyond a reasonable doubt.'
 
 
 6
 We held the case awaiting decision of the Supreme Court in United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975) and subsequent briefings by the parties. We find that Hale is not dispositive of the question raised here. Hale was a federal prosecution and was decided under the supervisory power of the Court over other federal courts rather than on constitutional grounds.
 
 
 7
 We find it unnecessary to pass upon the constitutional issue raised by Rothschild because we agree with the District Court that proof of Rothschild's guilt was 'overwhelming.' For that reason, the error, if any, was harmless beyond a reasonable doubt, Chapman v. State of California 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
 
 
 8
 Affirmed.
 
 
 
 *
 Associate Justice Tom C. Clark, United States Supreme Court (Ret.) sitting by designation